OPINION
Appellant Patricia Back appeals the decision of the Richland County Court of Common Pleas, Domestic Relations Division, on the basis that the trial court abused its discretion in distributing her PERS pension as it pertains to the division of marital assets. We disagree. Appellant Patricia Back filed for divorce from Cletus Back on August 23, 1996. The parties were originally married in 1968 and divorced on May 16, 1972. The parties remarried on April 12, 1975. Two children were born as issue of the marriage. Only one child was not emancipated at the time of the final hearing. Appellee filed an answer and counterclaim on September 16, 1996. The trial court scheduled this matter for final hearing on March 10, 1997. At this hearing, the parties stipulated to numerous facts. Appellant is employed by the City of Mansfield in the Clerk of Courts Office and participates in PERS. Appellee is employed at Milliron Waste Management. Appellee's employer has no pension plan but appellee participates in social security and has eight small IRA's funded by his employer. The parties employed David I. Kelley to do present value calculations of the PERS accrued to the benefit of appellant, the hypothetical social security benefit appellant would have earned and the potential social security benefit accumulated by appellee. Following the presentation of this evidence, the magistrate filed his decision on July 17, 1997. The magistrate ordered appellant's monthly PERS benefit of $868.64 be reduced by appellee's potential monthly social security benefit of $551.11 per month. The trial court also required appellant to pay appellee the sum of $159 per month following retirement. Both parties filed objections to the magistrate's decision. On November 25, 1997, the trial court filed a judgment entry overruling appellant's objection to the distribution of her PERS retirement benefits. However, the trial court stated that if appellant retired early it would review a possible modification of division of retirement benefits. Appellant filed a motion for reconsideration on December 31, 1997. The trial court overruled appellant's motion on January 8, 1998. The trial court journalized the judgment entry decree of divorce on March 27, 1998. Appellant filed a notice of appeal on April 23, 1998. On March 16, 1999, we issued an opinion in which we affirmed in part, reversed in part and remanded the matter to the trial court. On remand, we directed the trial court to recalculate appellant's PERS retirement benefits and delete the reservation of jurisdiction concerning the distribution of appellant's PERS retirement benefits. On April 28, 1999, the trial court issued a judgment entry which addressed the issues remanded to the court. It is from this judgment entry appellant appeals and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISTRIBUTING THE PERS PENSION OF THE APPELLANT, THE METHOD OF SAID DISTRIBUTION BEING CONTRARY TO THE PREVIOUS ORDER OF THIS COURT.
 I
In her sole assignment of error, appellant challenges the method the trial court used in distributing her PERS pension on the basis that it is contrary to the method ordered by this court on remand of the first appeal. Appellant also challenges the language in the judgment entry concerning the triggering event for payment of these benefits. Although we agree with appellant that the trial court failed to follow our directives on remand, concerning the distribution of appellant's PERS pension, following reconsideration of this issue, we overrule this assignment of error, in part. The record contains the following evidence concerning the parties retirement benefits. Appellee's potential social security benefits were determined to be $551.11 per month upon retirement. Appellant's potential PERS benefits were determined to be $868.64 upon retirement. In the previous appeal of this matter, we held that the trial court abused its discretion when it did not subtract appellant's hypothetical monthly social security benefit from her PERS monthly retirement benefit on the basis that Black v. Black (Nov. 4, 1996), Stark App. No. 1996CA00052, unreported, required the trial court to offset both parties potential social security monthly benefits against the potential monthly benefit appellant would receive from PERS. Back at 5-6. Upon reconsideration, we find the trial court did not abuse its discretion in calculating the division of retirement benefits on remand even though the trial court did not follow the mandate of this court. We conclude, as did the trial court, the proper division of retirement benefits is to subtract appellee's potential social security benefit from appellant's potential PERS benefit and divide the remaining portion of the potential monthly PERS benefit equally between the parties. In its Judgment Entry Decree of Divorce filed March 27, 1998, the trial court calculated these numbers on a yearly basis. Judgment Entry, March 27, 1998, at 9. The trial court found the difference between appellant's potential PERS retirement benefit and the coverture portion of defendant's annual social security benefit is $3,810.29. ($10,423.68 — $6,613.39 = $3,810.29) Id. The trial court concluded appellee is entitled to one-half of $3,810.29 or $1,905.15 per year. Thus, appellant's monthly obligation to appellee is $158.76. Id. The trial court rounded this figure to $159 per month. Id. Upon reviewing the trial court's judgment entry of April 28, 1999, we find the trial court incorrectly calculated appellee's potential social security benefits to be $511.11 per month. Judgment Entry, April 28, 1999, at 10, 11, 13. If appellee's yearly potential social security benefits are $6,613.39, it follows that his monthly potential benefits are $551.11 and not $511.11. If we were to use the figure of $511.11, appellant's monthly obligation would be $178.76. However, with the correct figure of $551.11, appellant's monthly obligation is $158.76, as previously calculated by the trial court. Therefore, we conclude that the trial court did not abuse its discretion with the method it used in calculating the distribution of appellant's PERS pension. However, we do note the trial court used the incorrect figure for appellee's monthly potential benefit. Appellant also maintains, in her sole assignment of error, the trial court abused its discretion when it modified the language in the Judgment Entry filed April 28, 1999, concerning the triggering event for payment of retirement benefits to appellee. The Judgment Entry Decree of Divorce filed on March 27, 1998, at page eight provides that:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon her retirement from public employment, and receipt of monthly retirement benefits from the State of Ohio Public Retirement System (PERS), plaintiff shall pay to defendant the sum of $159.00 per month for so long as plaintiff continues to receive retirement benefits from PERS, * * *.
The Judgment Entry filed by the trial court on April 28, 1999, at page thirteen contains the following language: WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Court reaffirms its original order that Cletus Back's potential social security benefits of $511.11 (sic) per month be offset against Patricia Back's potential PERS monthly benefits of $868.64 per month, and that the remaining portion of the potential monthly PERS benefit be divided equally between the parties, with Patricia Back paying Cletus Back the sum of $159.00 per month, upon retirement or her receipt of monthly pension benefits from PERS. Appellant is correct in arguing the original order addresses retirement benefits only. The Judgment Entry filed April 28, 1999, now requires appellant to pay $159 to appellee upon any receipt of monthly benefits from PERS. This would include disability pay or similar benefits not addressed by the trial court in the original order. In modifying this language, the trial court exceeded the scope of its authority on remand. Thus, the language as contained in the trial court's Judgment Entry Decree of Divorce remains the law of this case and the trial court erred when it changed this language in the subsequent judgment entry filed on April 28, 1999. Appellant's sole assignment of error is affirmed in part and reversed in part. For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P.J. Edwards, J., concurs. Hoffman, J., dissents.